IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DONALD COX, § | |
| Plaintiff, § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-321 |
| § | |
| EDGAR CALHOUN JACKSON § | |
| and A2B CARGO, INC. § | |
| ENTERPRISES, § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DONALD COX** ("**COX**" or "**PLAINTIFF**"), Plaintiff, and files this his Original Complaint over and against **EDGAR CALHOUN JACKSON** ("**JACKSON**" or "**DEFENDANT**"), and **A2B CARGO, INC.** ("**A2B**" or **"DEFENDANT"**) Defendants, and for cause of action would respectfully show the Court the following, to-wit:

1. Plaintiff is a resident of Gregg County, Texas.

2. Defendant, **JACKSON**, is a resident of Pine Bluff, Arkansas, and may be served with process at: 3704 W Barraque St, Pine Bluff, AR 71601-3562 , by certified mail, return receipt requested.

3. Defendant, **A2B**, is a foreign corporation doing business in the State of Texas with its principle residence and place of business in the State of Illinois, and does not have a registered agent for service in the State of Texas.  Its registered agent for service is: Srejovic Accounting Svcs. LTD, 2340 S. River Rd., Suite 208, Des Plaines, IL 60018.

4.	The matter in controversy exceeds, exclusive interest and costs, the sum specified by 28 U.S.C. §1332, and Plaintiff and Defendants are residents and citizens of different states; therefore, this Court has jurisdiction.

5.	This Court has venue pursuant to 28 U.S.C. §1391 (b)(2)(3).  The collision made the basis of this suit occurred in the Eastern District of Texas. Furthermore, Defendant **A2B** regularly does business within the Eastern District of Texas, Marshall Division.

6.	On or about September 13, 2018, in Mt. Enterprise, Rusk County, Texas, Plaintiff, **COX**, was traveling northbound on US Highway 259.  Upon approaching the intersection of US Highway 84, Plaintiff came to a stop behind a different vehicle at the stop sign.  At that time, Defendant, **JACKSON**, while driving a 2016 Freightliner Conventional belonging to Defendant, **A2B**, failed to control his speed and violently rear-ended Plaintiff's vehicle, causing it to also make contact with the vehicle directly in front of it.  Said Defendants were guilty of negligence and negligence *per se* which proximately caused Plaintiff's injuries and damages.

7.	At all times pertinent to this lawsuit, Defendant, **JACKSON**, was in the course and scope of his employment or agency relationship with Defendant, **A2B**, and Plaintiff invokes the doctrine of *Respondeat Superior*.

8.	On the occasion in question, Defendant, **JACKSON**, operated the 2016 Freightliner Conventional in a negligent manner, in that he violated the duty which he owed to Plaintiff to exercise ordinary care in the operation of his motor vehicle, *inter alia*, in failing to control his speed, in failing to keep a proper look-out, in failing to properly apply his brakes, in failing to take proper evasive action in order to avoid a collision, in failing to maintain an assured clear distance, and in violating such laws and ordinances so as to constitute negligence *per se*.  Each of these acts and

omissions, singularly, or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.

9. As a direct and proximate result of the previously described negligence of the Defendants, Plaintiff suffered injuries to his body generally. These injuries are permanent in nature and in all reasonable probability, said Plaintiff will suffer for a long time into the future, if not for the balance of his natural life. Plaintiff has suffered severe physical pain and mental anguish, and in reasonable probability, will suffer such physical pain and mental anguish in the future. Plaintiff has incurred medical expenses and lost wage earning capacity in the past, and in reasonable probability will incur such in the future. Further, Plaintiff has suffered severe physical impairment, and in reasonable probability, will suffer such physical impairment in the future.

11. This suit is brought for fair, reasonable and adequate compensation for all of his damages, and it is alleged that such compensation is well in excess of $150,000.00.

13. Plaintiff will show that he is entitled to both pre-judgment and post-judgment interest at the highest rates allowed by law or statute.

## REQUEST FOR JURY TRIAL

14. Plaintiff respectfully request a trial by a jury of his peers.

15. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that upon final trial, Plaintiff recovers a judgment against the Defendants for his damages, interest, costs, and for such other and further relief to which Plaintiff may be justly entitled, general and special, at law and at equity.

**RESPECTFULLY SUBMITTED:**

**G. R. (RANDY) AKIN, P.C.**
**ATTORNEY-MEDIATOR**
**3400 WEST MARSHALL AVENUE**
**SUITE 300**
**LONGVIEW, TEXAS 75604**
**(903) 297-8929**
**(903) 297-9046 (FAX)**
**WWW.RANDYAKIN.COM**

*/s/ Gregory Burton*

_____
**GREGORY BURTON**
**STATE BAR NO. 24081679**


**ATTORNEY FOR PLAINTIFF,**
**DONALD COX**


**PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY**.